Steven Mitnick, Esq. (Attorney ID No. 013111981)
Marc D. Miceli, Esq. (Attorney ID No. 007701999)
S. MITNICK LAW, P.C.
P.O. Box 530
49 Old Turnpike Road
Oldwick, New Jersey 08858
(908) 572-7275
*Counsel to Plaintiff, SM Medical Holdings Corporation, as assignee of NR Pennsylvania Associates, LLC, a/k/a Retreat at Lancaster County, Retreat Behavioral Health, and NR Florida Associates, LLC, a/k/a Retreat at Palm Beach County, Retreat Behavioral Health*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SM MEDICAL HOLDINGS CORPORATION, AS ASSIGNEE OF NR PENNSYLVANIA ASSOCIATES, LLC a/k/a RETREAT AT LANCASTER COUNTY, RETREAT BEHAVIORAL HEALTH, and NR FLORIDA ASSOCIATES, LLC a/k/a RETREAT AT PALM BEACH COUNTY, RETREAT BEHAVIORAL HEALTH <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF GEORGIA, et al. <br><br> Defendant(s). | Civil Action No. 3:26-cv-02296-GC-TJB (Removed from Superior Court of New Jersey, Hunterdon County, Docket No. HNT-L-000015-26, Removed on March 4, 2026) <br><br><br><br> **AMENDED COMPLAINT AS TO DEFENDANTS OPTUM INC., OXFORD HEALTH PLANS AND UNITED BEHAVIORAL HEALTH** |

SM Medical Holdings Corporation, as assignee of NR Pennsylvania Associates, LLC, a/k/a Retreat at Lancaster County, Retreat Behavioral Health, and NR Florida Associates, LLC, a/k/a Retreat at Palm Beach County, Retreat Behavioral Health (the "**Plaintiff**"), through its undersigned counsel, respectfully alleges and states as follows:

1

## THE PARTIES

1.      Plaintiff is a New Jersey corporation having an address of P.O. Box 530, 49 Old Turnpike Road, Oldwick, New Jersey 08858 and is the assignee of certain assets of NR Pennsylvania Associates, LLC, a/k/a Retreat at Lancaster County, Retreat Behavioral Health, which was a substance abuse rehabilitation facility located at 1170 South State St. Ephrata, Pennsylvania 17522-2601 ("**Lancaster**"); and NR Florida Associates, LLC, a/k/a Retreat at Palm Beach County, Retreat Behavioral Health, which was also a substance abuse rehabilitation facility located at 4020 Lake Worth Road, Palm Springs, Florida 33461-3918 ("**Palm Beach**") ("collectively, the "**Substance Abuse Treatment Centers**").

2.      Defendant Optum Inc. ("**Optum**") is, upon information and belief, a business entity located at 11000 Optum Circle, Eden Prairie, Minnesota 55344.

3.      Defendant Oxford Health Plans ("**Oxford**") is, upon information and belief, a business entity located at 48 Monroe Turnpike, Trumbull, Connecticut 06611.

4.      Defendant United Behavioral Health ("**UBH**") is, upon information and belief, a business entity located at 425 Market Street, 14th Floor, San Francisco, California 94105.

5.      Defendants Optum, Oxford and UBH shall collectively be referred to as the "**Defendants**."

## JURISDICTION

6.      Federal jurisdiction is appropriate pursuant to 28 U.S.C. §1332(a)(1) because (1) Plaintiff requests relief in an amount in excess of $75,000.00 from each of the above referenced Defendants, and (2) Plaintiff is an entity of the State of New Jersey,

and Defendants are entities with principal places of business outside the state of New Jersey.

## FACTS

7.      The Plaintiff is the assignee of certain assets of the Substance Abuse Treatment Centers.

8.      The Substance Abuse Treatment Centers were the subject of a certain receivership action in Pennsylvania (the "**Receivership Action**").

9.      As part of the Receivership Action, James Young, the Receiver in the Receivership Action, executed a certain Bill or Sale (the "**BOS**") conveying to Plaintiff the right to collect the Substance Abuse Treatment Centers' accounts receivable.  A copy of the first page of the redacted BOS is attached hereto as **Exhibit "A"**.

10.      As such, by virtue of the BOS, Plaintiff has standing to assert these claims and bring this action.

11.      The subject claims included those accounts receivable due and owing by the Defendants in connection with the medical services provided by the Substance Abuse Treatment Centers to the Defendants' members/insureds.  In connection therewith, the amounts due by Defendants are detailed on the (redacted) collection tracking report spreadsheet attached hereto at **Exhibit "B"** (the "**Spreadsheet**"), which is summarized as follows:

## OPTUM

### Lancaster

| Services | Patients | Balance |
| --- | --- | --- |
| 1,129 | 119 | $1,502,684.73 |

### Palm Beach

| Services | Patients | Balance |
| --- | --- | --- |
| 395 | 70 | $ 320,370.74 |

### Grand Total

| Services | Patients | Balance |
| --- | --- | --- |
| **1,524** | **189** | **$1,823,055.47** |

## OXFORD

### Lancaster

| Services | Patients | Balance |
| --- | --- | --- |
| 259 | 54 | $161,114.22 |

### Palm Beach

| Services | Patients | Balance |
| --- | --- | --- |
| 27 | 8 | $ 16,825.23 |

### Grand Total

| Services | Patients | Balance |
| --- | --- | --- |
| **286** | **62** | **$177,939.45** |

**UBH**

**Lancaster**

| Services | Patients | Balance |
|---|---|---|
| 686 | 128 | $ 409,287.02 |

**Palm Beach**

| Services | Patients | Balance |
|---|---|---|
| 1,697 | 214 | $1,247,080.59 |

**Grand Total**

| Services | Patients | Balance |
|---|---|---|
| **2,383** | **342** | **$1,656,367.61** |

12. Therefore, based on the foregoing, the Defendants are indebted to the Plaintiff in the amount of $1,823,055.47 (in the case of Optum), $177,939.45 (in the case of Oxford) and $1,656,367.61 (in the case of UBH) (the "**Healthcare Accounts Receivable**") for monies due and owing in connection with the services provided by the Substance Abuse Treatment Centers to the Defendants' members/insureds (the "**Services**").

13. The redacted part of the Spreadsheet includes the authorization numbers, evidencing Defendants' authorization of the Services performed by the Substance Abuse Treatment Centers.

14. As such, by virtue of Defendants' authorization of the Services, Defendants agreed to pay for the Services.

15. Upon information and belief, the Substance Abuse Treatment Centers submitted claims to Defendants shortly after the Substance Abuse Treatment Centers

5

provided the Services to Defendants' members/insureds between on or about July 2, 2020 to on or about June 23, 2024 (in the case of Optum); between on or about July 7, 2020 to on or about May 8, 2024 (in the case of Oxford); and between on or about July 20, 2020 to on or about June 23, 2024 (in the case of UBH) (the "**Relevant Time Period**"). Therefore, during the Relevant Time Period, demand for payment was transmitted by the Substance Abuse Treatments Centers to Defendants.  To date, Defendants failed to make payment or make payment arrangements.

16.    Upon information and belief, Defendants never disputed the Services or any of the subject Healthcare Accounts Receivable.

17.    The Plaintiff filed a complaint against the Defendants, among others, in the New Jersey Superior Court of New Jersey, in Hunterdon County, on January 12, 2026 (Case No. HNT-L-000015-26) (the "**State Court Action**").

18.    On March 4, 2026, the State Court Action was removed to the Federal District Court, thereby commencing the District Court action (Docket No. 3:26-cv-02296-GC-TJB) (the "**District Court Action**").

19.    On June 4, 2026, the Court in the District Court Action entered a Text Order which, inter alia, provided that within fourteen (14) days of the Text Order, the Plaintiff was to file an amended complaint as well as any necessary stipulations of dismissal with respect to the remaining defendants in the District Court Action (District Court Action at ECF No. 76).

6

## FIRST COUNT
### (Breach of Agreement)

### (As to Optum)

20.     Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

21.     Upon information and belief, there was an express and/or implied agreement (the "**Agreement**") between the Substance Abuse Treatment Centers and Optum in connection with the Services.

22.     Among other things, this Agreement is evidenced by the fact that Optum authorized the subject Services.

23.     The Agreement is or was a valid and enforceable contract.

24.     The Substance Abuse Treatment Centers satisfactorily and in good faith, performed all obligations and Services under the Agreement.

25.     Optum breached the Agreement by failing to pay the Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

26.     As a direct and proximate result of Optum's breach of the Agreement, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

27.     Payment has been demanded and has not been made.

28.     As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Optum in the sum of $1,823,055.47, together with lawful interest and costs of this suit.

## SECOND COUNT
### (Book Account)

### (As to Optum)

29.    Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

30.    Upon information and belief, there was an Agreement between the Substance Abuse Treatment Centers and Optum in connection with the Services.

31.    Among other things, this Agreement is evidenced by the fact that Optum authorized the subject Services.

32.    The Agreement is or was a valid and enforceable contract.

33.    The Substance Abuse Treatment Centers satisfactorily and in good faith, performed all obligations and Services under the Agreement.

34.    Optum breached the Agreement by failing to pay the Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

35.    As a direct and proximate result of Optum's breach of the Agreement, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

36.    Based on the books and records of the Substance Abuse Treatment Centers, the Healthcare Accounts Receivable of $1,823,055.47 is due from Optum to the Plaintiff.

37.    Payment has been demanded and has not been made.

38.    As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Optum in the sum of $1,823,055.47, together with lawful interest and costs of this suit.

## THIRD COUNT
### (Account Stated)

### (As to Optum)

39.    Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

40.    Upon information and belief, the Substance Abuse Treatment Centers and Optum engaged in prior business transactions.

41.    Upon information and belief, there is an Agreement between the Substance Abuse Treatment Centers and Optum wherein the Substance Abuse Treatment Centers provided the subject Services to Optum's members/insureds in exchange for payment by Optum to the Substance Abuse Treatment Centers in connection with such Services.

42.    Among other things, this Agreement is evidenced by the fact that Optum authorized the subject Services.

43.    As a result of the Agreement, Optum promised to pay, either expressly or impliedly, the subject Healthcare Accounts Receivable.

44.    The Substance Abuse Treatment Centers provided the Services and billed Optum for such Services in good faith.

45.    As a result of Optum's breach of said express and/or implied promise to pay the subject Healthcare Accounts Receivable, the Substance Abuse Treatment Centers and, by extension, the Plaintiff, have and continue to suffer damages.

46.    Payment has been demanded and has not been made.

47. Upon information and belief, Optum never disputed the Services or any of the Healthcare Accounts Receivable.

48. As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Optum in the sum of $1,823,055.47, together with lawful interest and costs of this suit.

## FOURTH COUNT
### (Promissory Estoppel)

### (As to Optum)

49. Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

50. Upon information and belief, Optum made clear and definite promises to the Substance Abuse Treatment Centers regarding the payment of the subject Healthcare Accounts Receivable in connection with the Services.

51. Alternatively, said promises were implied by virtue of the fact that the Substance Abuse Treatment Centers provided the subject Services for Optum's members/insureds.

52. Among other things, these promises were evidenced by the fact that Optum authorized the subject Services.

53. Such promises were made by Optum with the expectation that the Substance Abuse Treatment Centers would rely on such promises and perform the subject Services.

54.     The Substance Abuse Treatment Centers reasonably relied on the subject promises to their detriment since they performed the Services but were never paid by Optum for such Services.

55.     Optum breached its promises by failing to pay the subject Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

56.     As a result of Optum's breach, the Substance Abuse Treatment Centers were deprived of the benefit of the bargain by not receiving the amount of the Healthcare Accounts Receivable justly due to the Substance Abuse Treatment Centers and/or the Plaintiff.

57.     As a result of Optum's breach, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

58.     As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Optum in the sum of $1,823,055.47, together with lawful interest and costs of this suit.

## <u>FIFTH COUNT</u>
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

### (As to Optum)

59.     Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

60.     Optum is bound by the covenant of good faith and fair dealing implied by law.

61. By virtue of the aforementioned conduct, including, but not limited to, Optum's wrongful and intentional withholding of the Healthcare Accounts Receivable, Optum has breached and continues to breach the implied covenant of good faith and fair dealing by not paying the Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

62. As a direct and proximate cause of Optum's breach of the implied covenant of good faith and fair dealing, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

63. As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Optum in the sum of $1,823,055.47, together with lawful interest and costs of this suit.

<u>**SIXTH COUNT**</u>
**(Unjust Enrichment)**

**(As to Optum)**

64. Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

65. Optum is wrongfully refusing to pay the Healthcare Accounts Receivable to the Plaintiff.

66. The Substance Abuse Treatment Centers' Services rendered a benefit to Optum and/or its members/insureds.

67. In rendering such Services, the Substance Abuse Treatment Centers expected payment from Optum in providing such services to Optum's members/insured.

68. To allow Optum to retain the Healthcare Accounts Receivable would result in its continuing to be unjustly enriched.

69. As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Optum in the sum of $1,823,055.47, together with lawful interest and costs of this suit.

## SEVENTH COUNT
### (Quantum Meruit)

### (As to Optum)

70. Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

71. The Substance Abuse Treatment Centers performed the subject Services in good faith.

72. Optum and/or its members/insureds accepted such services.

73. The Substance Abuse Treatment Centers had an expectation of compensation in exchange for the performance of such Services.

74. The subject Healthcare Accounts Receivable represent the reasonable value of such Services.

75. As a direct and proximate cause of Optum's conduct, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

76. To allow Optum to retain such benefits and not make payment for same is inequitable to the Plaintiff.

77.     As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Optum in the sum of $1,823,055.47, together with lawful interest and costs of this suit.

## EIGHTH COUNT
### (Breach of Agreement)

### (As to Oxford)

78.     Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

79.     Upon information and belief, there was an express and/or implied Agreement between the Substance Abuse Treatment Centers and Oxford in connection with the Services.

80.     Among other things, this Agreement is evidenced by the fact that Oxford authorized the subject Services.

81.     The Agreement is or was a valid and enforceable contract.

82.     The Substance Abuse Treatment Centers satisfactorily and in good faith, performed all obligations and Services under the Agreement.

83.     Oxford breached the Agreement by failing to pay the Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

84.     As a direct and proximate result of Oxford's breach of the Agreement, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

85.     Payment has been demanded and has not been made.

86.     As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Oxford in the sum of $177,939.45, together with lawful interest and costs of this suit.

## NINTH COUNT
### (Book Account)

### (As to Oxford)

87.     Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

88.     Upon information and belief, there was an Agreement between the Substance Abuse Treatment Centers and Oxford in connection with the Services.

89.     Among other things, this Agreement is evidenced by the fact that Oxford authorized the subject Services.

90.     The Agreement is or was a valid and enforceable contract.

91.     The Substance Abuse Treatment Centers satisfactorily and in good faith, performed all obligations and Services under the Agreement.

92.     Oxford breached the Agreement by failing to pay the Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

93.     As a direct and proximate result of Oxford's breach of the Agreement, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

94.     Based on the books and records of the Substance Abuse Treatment Centers, the Healthcare Accounts Receivable of $177,939.45 is due from Oxford to the Plaintiff.

15

95.    Payment has been demanded and has not been made.

96.    As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Oxford in the sum of $177,939.45, together with lawful interest and costs of this suit.

## TENTH COUNT
### (Account Stated)

### (As to Oxford)

97.    Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

98.    Upon information and belief, the Substance Abuse Treatment Centers and Oxford engaged in prior business transactions.

99.    Upon information and belief, there is an Agreement between the Substance Abuse Treatment Centers and Oxford wherein the Substance Abuse Treatment Centers provided the subject Services to Oxford's members/insureds in exchange for payment by Oxford to the Substance Abuse Treatment Centers in connection with such Services.

100.    Among other things, this Agreement is evidenced by the fact that Oxford authorized the subject Services.

101.    As a result of the Agreement, Oxford promised to pay, either expressly or impliedly, the subject Healthcare Accounts Receivable.

102.    The Substance Abuse Treatment Centers provided the Services and billed Oxford for such Services in good faith.

16

103.   As a result of Oxford's breach of said express and/or implied promise to pay the subject Healthcare Accounts Receivable, the Substance Abuse Treatment Centers and, by extension, the Plaintiff, have and continue to suffer damages.

104.   Payment has been demanded and has not been made.

105.   Upon information and belief, Oxford never disputed the Services or any of the Healthcare Accounts Receivable.

106.   As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Oxford in the sum of $177,939.45, together with lawful interest and costs of this suit.

## ELEVENTH COUNT
### (Promissory Estoppel)

### (As to Oxford)

107.   Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

108.   Upon information and belief, Oxford made clear and definite promises to the Substance Abuse Treatment Centers regarding the payment of the subject Healthcare Accounts Receivable in connection with the Services.

109.   Alternatively, said promises were implied by virtue of the fact that the Substance Abuse Treatment Centers provided the subject Services for Oxford's members/insureds.

110.   Among other things, these promises were evidenced by the fact that Oxford authorized the subject Services.

111.    Such promises were made by Oxford with the expectation that the Substance Abuse Treatment Centers would rely on such promises and perform the subject Services.

112.    The Substance Abuse Treatment Centers reasonably relied on the subject promises to their detriment since they performed the Services but were never paid by Oxford for such Services.

113.    Oxford breached its promises by failing to pay the subject Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

114.    As a result of Oxford's breach, the Substance Abuse Treatment Centers were deprived of the benefit of the bargain by not receiving the amount of the Healthcare Accounts Receivable justly due to the Substance Abuse Treatment Centers and/or the Plaintiff.

115.    As a result of Oxford's breach, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

116.    As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Oxford in the sum of $177,939.45, together with lawful interest and costs of this suit.

## TWELVTH COUNT
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

### (As to Oxford)

117. Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

118. Oxford is bound by the covenant of good faith and fair dealing implied by law.

119. By virtue of the aforementioned conduct, including, but not limited to, Oxford's wrongful and intentional withholding of the Healthcare Accounts Receivable, Oxford has breached and continues to breach the implied covenant of good faith and fair dealing by not paying the Healthcare Accounts Receivable to the Substance Abuse Treatment Centers and, by extension, the Plaintiff.

120. As a direct and proximate cause of Oxford's breach of the implied covenant of good faith and fair dealing, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

121. As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Oxford in the sum of $177,939.45, together with lawful interest and costs of this suit.

## THIRTEENTH COUNT
### (Unjust Enrichment)

### (As to Oxford)

122. Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

19

123.    Oxford is wrongfully refusing to pay the Healthcare Accounts Receivable to the Plaintiff.

124.    The Substance Abuse Treatment Centers' Services rendered a benefit to the Oxford and/or its members/insureds.

125.    In rendering such Services, the Substance Abuse Treatment Centers expected payment from Oxford in providing such services to Oxford's members/insureds.

126.    To allow Oxford to retain the Healthcare Accounts Receivable would result in its continuing to be unjustly enriched.

127.    As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Oxford in the sum of $177,939.45, together with lawful interest and costs of this suit.

### FOUTEENTH COUNT
### (Quantum Meruit)

### (As to Oxford)

128.    Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

129.    The Substance Abuse Treatment Centers performed the subject Services in good faith.

130.    Oxford and/or its members/insureds accepted such services.

131.    The Substance Abuse Treatment Centers had an expectation of compensation in exchange for the performance of such Services.

132. The subject Healthcare Accounts Receivable represent the reasonable value of such Services.

133. As a direct and proximate cause of Oxford's conduct, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

134. To allow Oxford to retain such benefits and not make payment for same is inequitable to the Plaintiff.

135. As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against Oxford in the sum of $177,939.45, together with lawful interest and costs of this suit.

### FIFTEENTH COUNT
### (Breach of Agreement)

### (As to UBH)

136. Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

137. Upon information and belief, there was an express and/or implied Agreement between the Substance Abuse Treatment Centers and UBH in connection with the Services.

138. Among other things, this Agreement is evidenced by the fact that UBH authorized the subject Services.

139. The Agreement is or was a valid and enforceable contract.

140. The Substance Abuse Treatment Centers satisfactorily and in good faith, performed all obligations and Services under the Agreement.

141. UBH breached the Agreement by failing to pay the Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

142. As a direct and proximate result of UBH's breach of the Agreement, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

143. Payment has been demanded and has not been made.

144. As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against UBH in the sum of $1,656,367.61, together with lawful interest and costs of this suit.

### SIXTEENTH COUNT
**(Book Account)**

**(As to UBH)**

145. Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

146. Upon information and belief, there was an Agreement between the Substance Abuse Treatment Centers and UBH in connection with the Services.

147. Among other things, this Agreement is evidenced by the fact that UBH authorized the subject Services.

148. The Agreement is or was a valid and enforceable contract.

149. The Substance Abuse Treatment Centers satisfactorily and in good faith, performed all obligations and Services under the Agreement.

22

150.    UBH breached the Agreement by failing to pay the Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

151.    As a direct and proximate result of UBH's breach of the Agreement, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

152.    Based on the books and records of the Substance Abuse Treatment Centers, the Healthcare Accounts Receivable of $1,656,367.61 is due from UBH to the Plaintiff.

153.    Payment has been demanded and has not been made.

154.    As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against UBH in the sum of $1,656,367.61, together with lawful interest and costs of this suit.

## SEVENTEENTH COUNT
### (Account Stated)

### (As to UBH)

155.    Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

156.    Upon information and belief, the Substance Abuse Treatment Centers and UBH engaged in prior business transactions.

157.    Upon information and belief, there is an Agreement between the Substance Abuse Treatment Centers and UBH wherein the Substance Abuse Treatment Centers provided the subject Services to UBH's members/insureds in exchange for payment by UBH to the Substance Abuse Treatment Centers in connection with such Services.

23

158.    Among other things, this Agreement is evidenced by the fact that UBH authorized the subject Services.

159.    As a result of the Agreement, UBH promised to pay, either expressly or impliedly, the subject Healthcare Accounts Receivable.

160.    The Substance Abuse Treatment Centers provided the Services and billed UBH for such Services in good faith.

161.    As a result of UBH's breach of said express and/or implied promise to pay the subject Healthcare Accounts Receivable, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

162.    Payment has been demanded and has not been made.

163.    Upon information and belief, UBH never disputed the Services or any of the Healthcare Accounts Receivable.

164.    As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against UBH in the sum of $1,656,367.61, together with lawful interest and costs of this suit.

## EIGHTEENTH COUNT
### (Promissory Estoppel)

### (As to UBH)

165.    Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

166.    Upon information and belief, UBH made clear and definite promises to the Substance Abuse Treatment Centers regarding the payment of the subject Healthcare Accounts Receivable in connection with the Services.

167.    Alternatively, said promises were implied by virtue of the fact that the Substance Abuse Treatment Centers provided the subject Services for UBH's members/insureds.

168.    Among other things, these promises were evidenced by the fact that UBH authorized the subject Services.

169.    Such promises were made by UBH with the expectation that the Substance Abuse Treatment Centers would rely on such promises and perform the subject Services.

170.    The Substance Abuse Treatment Centers reasonably relied on the subject promises to their detriment since they performed the Services but were never paid by UBH for such Services.

171.    UBH breached its promises by failing to pay the subject Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

172.    As a result of UBH's breach, the Substance Abuse Treatment Centers were deprived of the benefit of the bargain by not receiving the amount of the Healthcare Accounts Receivable justly due to the Substance Abuse Treatment Centers and/or the Plaintiff.

173.    As a result of UBH's breach, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

174.    As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against UBH in the sum of $1,656,367.61, together with lawful interest and costs of this suit.

### NINTEENTH COUNT
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

**(As to UBH)**

175.    Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

176.    UBH is bound by the covenant of good faith and fair dealing implied by law.

177.    By virtue of the aforementioned conduct, including, but not limited to, UBH's wrongful and intentional withholding of the Healthcare Accounts Receivable, UBH has breached and continues to breach the implied covenant of good faith and fair dealing by not paying the Healthcare Accounts Receivable to the Substance Abuse Treatment Centers, and, by extension, the Plaintiff.

178.    As a direct and proximate cause of UBH's breach of the implied covenant of good faith and fair dealing, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

179.    As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against UBH in the sum of $1,656,367.61, together with lawful interest and costs of this suit.

## TWENTIETH COUNT
### (Unjust Enrichment)

### (As to UBH)

180.    Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

181.    UBH is wrongfully refusing to pay the Healthcare Accounts Receivable to the Plaintiff.

182.    The Substance Abuse Treatment Centers' Services rendered a benefit to the UBH and/or its members/insureds.

183.    In rendering such Services, the Substance Abuse Treatment Centers expected payment from UBH in providing such services to UBH's members/insureds.

184.    To allow UBH to retain the Healthcare Accounts Receivable would result in its continuing to be unjustly enriched.

185.    As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against UBH in the sum of $1,656,367.61, together with lawful interest and costs of this suit.

## TWENTY-FIRST COUNT
### (Quantum Meruit)

### (As to UBH)

186.    Plaintiff re-alleges each and every paragraph contained in this Complaint as if set forth in detail herein.

187.    The Substance Abuse Treatment Centers performed the subject Services in good faith.

27

188.    UBH and/or its members/insureds accepted such services.

189.    The Substance Abuse Treatment Centers had an expectation of compensation in exchange for the performance of such Services.

190.    The subject Healthcare Accounts Receivable represent the reasonable value of such Services.

191.    As a direct and proximate cause of UBH's conduct, the Substance Abuse Treatment Centers, and, by extension, the Plaintiff, have and continue to suffer damages.

192.    To allow UBH to retain such benefits and not make payment for same is inequitable to the Plaintiff.

193.    As the assignee of the Healthcare Accounts Receivable, the Plaintiff has standing to assert this cause of action.

**WHEREFORE**, Plaintiff demands Judgment against UBH in the sum of $1,656,367.61, together with lawful interest and costs of this suit.

Dated: June 17, 2026                                    Respectfully submitted,

**S. MITNICK LAW PC**
Steven Mitnick, Esq.
Marc D. Miceli, Esq.
P.O. Box 530
49 Old Turnpike Road
Oldwick, New Jersey 08858
(908) 572-7275

By:    /s/Marc D. Miceli
        MARC D. MICELI
        Attorneys for Plaintiff